West'n. District.
*Sept'r.* 1829.

JACKSON & ALS.
*vs.*
PORTER.

*JACKSON AND ALS. vs. PORTER.*

APPEAL from the court of the fifth district, the judge of the district presiding.

Thomas Martin of the state of Tennessee owned a tract of land, five arpents wide fronting on the Teche, on each side, and running back forty arpents each way, lying in the parish of St. Mary's, State of Louisiana. Martin appointed Isaac L. and Joshua Baker Esqrs. who were associated in practice as Attornies at law, residing in St. Mary's, to sell his land for $4000; Donaldson Caffrey was commissioned as the agent of Judge Porter to buy it, which lay contiguous to a farm of the latter. In the course of a correspondence between Caffrey and Martin, the latter wrote to Caffrey, from near Nashville, dated January 8th 1827, that he was at a loss how much to ask for the land, but had a thought of asking $6000. The Bakers, receiving no further instructions, or advice on the subject of the land, different from that contained in their original appointment, on the 10th February 1827, sold the land to Judge Porter for $4000. Isaac L. Baker executed a deed as agent of Martin in the name of the

Parol evidence is admissible to prove the *nature* of a partnership, without producing the articles themselves.

Where two partners join in partnership to practise law, and in the course of business become *agents* to sell land, slaves, &c. the latter acts or agency being agreed to by all the partners, is as much within the scope of the partnership as if a clause had been inserted, expressly authorising it.

M authorised B B, who were partners in the practice of law, as his agents to sell a tract of land for $4,000: but writes to C on the subject of the land, and says he *"has a thought of asking* $6,000, but does not name any price; and in the meanwhile B B sells it for $4,000—the agency of B B is *not* revoked by the letter from M, the principal, to C.

partnership (I. L. & J. Baker) which was confirmed by the written assent of Joshua Baker as one of the partners.

JACKSON & AL.
*vs.*
PORTER.

On the 7th March 1827, Thomas Martin sold and conveyed the same tract of land to Washington Jackson of Philadelphia, for $6000. The deed of sale and conveyance was made as well as the contract entered into at Nashville, Tennessee.

On the 24th of March, 1824, Jackson joined by Martin and wife filed their petition against Judge Porter for the land in controversy, in the nature of a petitory action and jactitation of the title; petition alleging that Jackson's title was good and superior to Porter's. There was judgment for the defendant Porter in the district court. The plaintiffs appealed.

MARTIN, J. delivered the opinion of the court. The plaintiff, Jackson, claims under a sale of the other, a tract of land in the possession of the defendant, who purchased it from the vendor's attorney at an anterior sale.— There was judgment for the defendant and the plaintiffs appealed.

The evidence shows, that the plaintiff Martin, being owner of a strip of land between that of the defendant and that of the other

Where a deed was executed by one of the partners in the name of the partnership, *parol evidence* was received to shew the written assent of the other partner to the execution of the deed.

A partnership may be appointed agent or attorney to perform any act, trust or duty, within the objects of the partnership—the responsibility attaches to *all*, and the advantages resulting are enjoyed by *all* the members; altho' one only of the partners execute the trust in the name of the whole.

Where a partnership is appointed to perform a trust or agency foreign to its object, it is not thereby void, but the trust may be performed, if *all* the partners assent.

plaintiff, had appointed Isaac L. and Joshua Baker, who were in partnership as attorneys at law, and for the sale of land, slaves &c. to sell the premises, if they could obtain $4000 therefor: that neither the defendant or the plaintiff Jackson would give that price in the first instance, that the defendant employed Mr. Caffrey to endeavor to purchase the premises from the plaintiff Martin, who being written to, did not name any particular price, but said he had thought of asking $6000; and requested Caffrey to state the highest price that would be offered. In the mean while the defendant purchased the premises from the Bakers, neither he or they having any knowledge of the plaintiff Martin's answer to Caffrey: But afterwards, and before the deed was executed by the Bakers to the defendant, the answer of the plaintiff Martin was made known to the defendant, and by him immediately communicated to the Bakers.

At the trial, the plaintiffs insisted on the production of the articles of partnership of the Bakers, and opposed parol evidence of the nature of their partnership. These objections were overruled; the production of the articles was dispensed with, and parol evidence was received of the nature of the partnership.

West'n. District.
*Sept'r.* 1829.

JACKSON & AL.
*vs.*
PORTER.

We think the district judge did not err. Admitting that the articles would have shewn, that the partnership did not extend to sales of land and slaves—if the partners afterwards agreed to an extension of its object; and as proved, actually engaged in such sales, they would be within the scope of their partnership, as much as if a clause in the articles authorised them.

But in the present case, the plaintiff Martin does not declare his *intention*, that the land should not be sold for $4000, but only to ask $6000: an intimation is given, that the offer of a less sum will be attended to. Under these circumstances we think the jury did not err in concluding, that the powers of the Bakers were unaffected by the knowledge they received of the contents of their principal's letter to Caffrey.

The deed was executed by Isaac L. Baker, who affixed to it the signature of the firm of Isaac L. and Joshua Baker as attorneys of the plaintiff Martin.

Parol evidence was received without any objection of the written assent of Joshua Baker to his partner's execution of the deed of sale.

A partnership may be appointed agent or attorney for the performance of any act or duty, which comes within the object for which the partnership is formed: and the responsibility of such trust or agency attaches to all the members, and they are entitled to all the advantages resulting therefrom; although one of them may execute the trust in the partnership name, unless it be differently provided in the partnership.—*La. code*, 2790.

Where a partnership is appointed to perform a trust or agency foreign to the object for which such partnership is formed, the appointment is not void. It may be performed in the name of the partnership, if all the partners assent.—*La. code*, 2791.

In the present case there is evidence, that the agency was not foreign to the object of the partnership, and of the assent of both partners. The deed was duly executed.

The land passed by the conveyance, and the subsequent sale by one of the plaintiffs to the other cannot effect the defendant's title.

We have been strongly pressed to allow damages for a frivolous appeal: but the case does not appear to justify a claim for damages.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Simon* and *Garland* for the plaintiffs. *Bowen* and *Brownson* for the defendant.